GALEA'I POUMELE, Appellant,
v.
TA'EI MA'AE, Appellee.

High Court of American Samoa
Appellate Divison

AP No. 4-77

May 21, 1984

Before GARDNER, Chief Justice, Presiding, KING,* Acting Associate Justice, HEEN,** Acting Associate Justice, TAUANU'U, Chief Associate Judge and OLO, Associate Judge.

Counsel: For the appellant, Leulumoega S. Lutu
         For the appellee, Steven Watson

This case was previously decided in 1980 and was published at 1 A.S.R.2d 5. Subsequently a rehearing was granted but never took place. The case sat dormant until 1984 when the rehearing finally took place.

Appellee Ta'ei Ma'ae, a non-titled member of the Ma'ae family, brought an action on behalf of that family to register the land So'a as the communal land of that family. To do so he had a survey done of the property. Ma'ae Malelega, the senior matai of the Ma'ae, did not order the survey or bring the lawsuit. By reasonable if somewhat strained inference it can be said that substantial evidence would support an implied finding that he delegated to appellee, who was his son, the authority to make the survey and bring the

lawsuit. The actual testimony is that he "agreed" to the survey.

Substantial evidence supports the decision of the trial court. Nevertheless, prejudicial error was committed whan the trial court ruled that the action had been brought in compliance with A.S.C.A. section 27.1202, now A.S.C.A. section 37.0102(a).

That section provided that "only the senior matai of a Samoan family has the authority to request a survey of communal property of that family." Appellee contends the senior matai can delegate that authority. We disagree. We hold that the senior matai may not make such a delegation.

It takes no citation of authority to point out that by the Treaty of Cession, the American Samoan Constitution and the statutes of American Samoa we are admonished to protect the Samoan way of life. The twin cornerstones of that way of life are the communal land system and the matai system.[1]

The matai system is, as we said in Fairholt v. Aulava (1983) 1 A.S.R.2d 73, 78, "alive and well." It has survived the advent of Christianity, the imposition on it of a governmental system based on democratic principles and exposure to a western social system based on the individual rather than the family. Actually, the most clear and present dangers to the system and ones we see here in court with depressing frequency are greedy matais and absentee matais. The former enrich themselves by the individual acquisition of property at the expense of the family. The latter acquire titles, then move away, leaving their responsibilities to others. Of course, as the testimony in Fairholt revealed, the vast majority of matais are diligent, unselfish and dedicated to the protection of the family. Nevertheless, a few bad apples do embarrass the system.

The duties and responsibilities of a matai defy common law labels.[2] They are more than chiefs who are merely leaders. They are more than trustees who merely protect property. A matai has an awesome responsibility to his family. He must protect it and its lands. He acts for the family in its relations with others. He gives individual family members advice, direction and help. He administers the family affairs, designates which members of the family will work particular portions of the family land, and determines where families will live. His relationship to his family is a relationship not known to the common law.

It was with this relationship in mind that the Fono provided that only the senior matai has the authority to request a survey of communal land of a family. The statute does not say that the senior matai or his designee may do so. It says specifically that only the senior matai may so act. This is consistent with the Samoan custom and tradition that only the matai may act for the family. To permit others to do so would be inconsistent with the Samoan way of life. If, contrary to the families' wishes, a senior matai refuses to order a survey he may be removed.

There are already too many absentee matais who, having accepted the title and its responsibilities, choose the cool climate of Carson,

_____

[1] Just how well the courts have protected the communal land system is a matter of debate. The concept of individually-owned land, a concept inconsistent with the Samoan way of life, crept into the law via the judiciary. See Leuma v. Willis (1980) 1 A.S.R.2d 48.

[2] Efforts to describe Samoan customs in English have had some ludicrous results. For example, in an article entitled "Judicial Intervention in Matai Title Succession Suits in American Samoa," which appeared in the September 1983 copy of Oceania, it is said that an aiga has been described as a "non-exogamous cognatic descent group identified by the title of its eponymous founder."

California, over the humidity of Samoa. Allowing these absentee matais to act through intermediaries would be fatal to the Samoan way of life.

The Fono said, "only the Senior Matai." We presume the Fono meant exactly what it said.

An example of a statute in which the Fono has afforded an alternative to the sole authority of the senior matai in land disputes is A.S.C.A. section 43.1309(b). That section provides that only the senior matai (sa'o) is authorized to bring an injunction action involving communal land but when the title is vacant or the sa'o is incapacitated at least two blood male matai members of the family over 18 or, lacking matais, two blood members of the family over 18 may bring the application. The Fono has conspicuously not provided an alternative to the authority of the senior matai to request a survey of communal land.

Judgment of the trial court reversed on the ground that A.S.C.A. section 27.1202(d), now 37.0102(a), was not complied with.

---

*Honorable Samuel P. King, United States District Judge, District of Hawaii, sitting by designation of the Secretary of Interior.
**Honorable Walter M. Heen, Associate Justice, Intermediate Court of Appeals, State of Hawaii, sitting by designation of the Secretary of Interior.